United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSIF H. HALLOUM, *et al.*, | No. C-15-2181 EMC |
| Appellants, | No. C-15-2183 EMC |
| v. | |
| McCORMICK BARSTOW LLP, *et al.*, | **ORDER DENYING APPELLANTS' EMERGENCY MOTION FOR STAY** |
| Appellees. | **(Docket No. 3)** |
| _____/ | |
| YOUSIF H. HALLOUM, *et al.*, | |
| Appellants, | |
| v. | |
| DAVID KATZEN, *et al.*, | |
| Appellees. | |
| _____/ | |

Currently pending before the Court is Yousif H. Halloum and Iman Y. Halloum's emergency motion for a stay of all bankruptcy proceedings pending appeal. *See* 28 U.S.C. § 158(d)(2)(D) (providing that "[a]n appeal . . . does not stay any proceeding of the bankruptcy court, the district court, or the bankruptcy appellate panel from which the appeal is taken, unless the respective bankruptcy court, district court, or bankruptcy appellate court, or the court of appeals in which the appeal is pending,

issues a stay of such proceeding pending the appeal"). The Court hereby **DENIES** the Halloum's motion.[1]

The Halloums have appealed two orders of the bankruptcy court – the first denying their motion for remand or abstention and the second granting the defendants' motion to transfer.[2] The first order may be appealed to this Court. *See In re Borelli*, 132 B.R. 648, 649 (N.D. Cal. 1991) (Patel, J.) (stating that "it is clear from the legislative history [for 28 U.S.C. § 1452(b)] that Congress intended to give the district court jurisdiction to review remand and abstention decisions of the bankruptcy courts" – only appeals from the district courts to the courts of appeal are prohibited under the statute); *see also In re D'Angelo*, 479 B.R. 649, 655-56 (E.D. Pa. 2012) (concluding the same). The same is true of the second order. *See In re Reddington Inv. Ltd. Partnership-VIII*, 90 B.R. 429, 429 (B.A.P. 9th Cir. 1988) (addressing appeal from a bankruptcy court order transferring venue).

The Halloums' appeals, however, are of *interlocutory* orders, *cf. City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1120 (9th Cir. 2006) (stating that, "[g]enerally, a district court's denial of a motion to remand a case to state court is not a final decision on the merits that we may review on direct appeal under 28 U.S.C. § 1291"); *In re Donald*, 328 B.R. 192, 196-97 (B.A.P. 9th Cir. 2005) (stating that "[a]n order transferring a case to another district under the bankruptcy transfer statute is interlocutory for the same reasons that transfer orders under 28 U.S.C. §§ 1404 and 1406 are interlocutory"), and an interlocutory order may be appealed only with leave of the Court. *See* 28 U.S.C. § 158(a)(3) (providing that a district court shall have jurisdiction to hear appeals from interlocutory orders but only "with leave of the court").

> In considering whether to grant leave to appeal, courts generally "loo[k] to the standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district court to the court of appeals." *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995); *see also In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001) ("We look for guidance to the standards developed under 28 U.S.C. §

---

[1] The Court notes that the Halloums' motion is arguably unwarranted to the extent they have styled it an "emergency" motion. The Halloums have failed to adequately establish why their motion cannot be heard on a regularly noticed schedule under the Civil Local Rules. Nevertheless, as an opposition has been filed, the Court entertains the motion on the merits.

[2] Because of the second order, the bankruptcy proceeding is now currently before a bankruptcy court in the Eastern District of California.

> 1292(b) to determine if leave to appeal should be granted [under section 158(a)(3)]."). The relevant question under 28 U.S.C § 1292(b) is "whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation." *Roderick*, 185 B.R. at 604. Courts also consider whether denying leave to appeal from the interlocutory order would result in "wasted litigation and expense." *In re NSB Film Corp.*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994); *see also Belli*, 268 B.R. at 858; *Roderick*, 185 B.R. at 604. "Interlocutory appeals are generally disfavored and should only be granted where extraordinary circumstances exist." *Cameron*, 2014 U.S. Dist. LEXIS 35454, 2014 WL 1028436, at *4.

*Brady v. Otton*, No. 15-cv-00757-WHO, 2015 U.S. Dist. LEXIS 55598, at *5-6 (N.D. Cal. Apr. 27, 2015).

Because the Halloums' motion for a stay does not even address this preliminary hurdle, the Court denies the motion.[3] The Court notes, however, that the Halloums will have an opportunity to address these issues now that a motion to dismiss has been filed by at least some of the defendants, who argue for dismissal of the appeals on the grounds that they are improper interlocutory appeals. *See* Docket No. 5 (motion to dismiss).

This order disposes of Docket No. 3 in each of the above-referenced cases.

IT IS SO ORDERED.

Dated: May 22, 2015

EDWARD M. CHEN
United States District Judge

---

[3] The Court also notes that the Halloums have not explained how exactly this Court would have the authority to stay the bankruptcy proceedings in the Eastern District of California, which is not within the jurisdiction of this Court. Furthermore, as pointed out in the opposition brief, the Halloums should have sought a stay from the bankruptcy court in the first instance. *See* Fed. R. Bankr. 8007(a)(1) (providing that, "[o]rdinarily, a party must move first in the bankruptcy court for [a stay of an order pending appeal or suspension of proceedings]").