UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSIF H. HALLOUM, *et al.*, | No. C-15-2181 EMC |
| Appellants, | No. C-15-2183 EMC |
| v. | |
| McCORMICK BARSTOW LLP, *et al.*, | **ORDER GRANTING APPELLEES-DEFENDANTS' MOTIONS TO DISMISS; AND DENYING APPELLANTS-PLAINTIFFS' MOTIONS FOR LEAVE TO FILE INTERLOCUTORY APPEAL** |
| Appellees. | |
| YOUSIF H. HALLOUM, *et al.*, | **(Docket Nos. 5, 10, 12)** |
| Appellants, | |
| v. | |
| DAVID KATZEN, *et al.*, | |
| Appellees. | |

Currently pending before the Court are motions to dismiss filed by Appellees-Defendants Hilton A. Ryder and McCormick, Barsow, Wayte & Carruth LLP ("Defendants").[1] Defendants have moved to dismiss the appeals of Appellants-Plaintiffs Yousif H. Halloum and Iman Y. Halloum ("Plaintiffs") on the ground that the bankruptcy orders appealed by Plaintiffs are not final appealable orders and Plaintiffs failed to seek leave from the Court to file any interlocutory appeal. In response,

---

[1] There are several other defendants who have been named in Plaintiffs' lawsuit. Although these defendants have not formally joined the motion to dismiss, the analysis in this order would appear to be equally applicable to them.

Plaintiffs have filed oppositions to the motions to dismiss and, in the same briefs, moved for leave to file an interlocutory appeal.

Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** the motions to dismiss and **DENIES** the motions for leave to file an interlocutory appeal.

## I. DISCUSSION

As this Court has previously noted, an interlocutory order may be appealed only with leave of the Court. *See* 28 U.S.C. § 158(a)(3) (providing that a district court shall have jurisdiction to hear appeals from interlocutory orders but only "with leave of the court").

> In considering whether to grant leave to appeal, courts generally "loo[k] to the standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district court to the court of appeals." *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995); *see also In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001) ("We look for guidance to the standards developed under 28 U.S.C. § 1292(b) to determine if leave to appeal should be granted [under section 158(a)(3)]."). The relevant question under 28 U.S.C § 1292(b) is "whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation." *Roderick*, 185 B.R. at 604. Courts also consider whether denying leave to appeal from the interlocutory order would result in "wasted litigation and expense." *In re NSB Film Corp.*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994); *see also Belli*, 268 B.R. at 858; *Roderick*, 185 B.R. at 604. "Interlocutory appeals are generally disfavored and should only be granted where extraordinary circumstances exist." *Cameron*, 2014 U.S. Dist. LEXIS 35454, 2014 WL 1028436, at *4.

*Brady v. Otton*, No. 15-cv-00757-WHO, 2015 U.S. Dist. LEXIS 55598, at *5-6 (N.D. Cal. Apr. 27, 2015).

As a formal matter, Plaintiffs seek leave to file an interlocutory appeal with respect to two different orders of the bankruptcy court – the first denying their motion for remand or abstention and the second granting the defendants' motion to transfer. Because Plaintiffs have not made any real attempt to show that the above standard has been met with respect to the transfer order, their motion for leave to file an appeal with respect to that order is hereby denied.

The Court now turns to whether Plaintiffs should be given leave to appeal the order denying the motion to remand or abstain. On the remand portion of that order, the Court finds that Plaintiffs have failed to show that the order involved a controlling question of law. In fact, Plaintiffs have failed to show that the order involved a question of law at all. *Cf. McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (stating that "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court appeals can rule on *pure*, controlling questions of law *without having to delve beyond the surface of the record in order to determine the facts*") (emphasis added); *see also United States v. Soong*, No. C-13-4088 EMC, 2014 U.S. Dist. LEXIS 30874, at *3-4 (N.D. Cal. Mar. 10, 2014) (stating that "the Soongs have failed to establish that they are seeking to appeal an order involving a question of law"; adding that, "[w]here a party simply asserts that there has been a misapplication of law to the facts, § 1292(b) does not provide for relief"); *In re Novatel Wireless Secs. Litig.*, No. 08cv1689 AJB (RBB), 2013 U.S. Dist. LEXIS 164725, at *5 (S.D. Cal. Nov. 19, 2013) (noting that "a number of other courts have stated the term [question of law] means a 'pure question of law' rather than a mixed question of law and fact or the application of law to a particular set of facts").

For example, Plaintiffs assert that the bankruptcy court should have remanded the case back to state court pursuant to 28 U.S.C. § 1452(b). That statute provides as follows: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). But Plaintiffs fail to point to any statement by the bankruptcy court suggesting that, *e.g.*, it was not aware of the statute or that it was choosing to ignore the statute. They fail to point to any error of law committed by the bankruptcy court. Instead, Plaintiffs are challenging the bankruptcy court's *application* of that statute. *See* Tr. at 6 (bankruptcy court stating that "jurisdiction is almost exclusive in the Bankruptcy Court if there are challenges to what happened in the bankruptcy case"); Tr. at 13-14 (bankruptcy court stating that, "if you can persuade the Bankruptcy Court or the United States Trustee that the current trustee needs to be investigated, then you're entitled to ask that that happen" but the bankruptcy court "is the forum to determine

whether there has been some abuse of the bankruptcy process").[2] In its moving papers, Plaintiffs argue the application of seven factors in determining whether there are equitable grounds for remand. But application of the law to the facts is not, as indicated above, a question of law.

While Plaintiffs do suggest that the bankruptcy court committed a pure legal error because it failed to make any "findings of fact" to support its order denying remand, the Court does not agree with Plaintiffs' characterization and/or interpretation of the bankruptcy court's statement that "I'm not making any findings." Tr. at 25.  When that statement is taken in context, it is clear that the bankruptcy court was simply instructing defendants to prepare an order stating that the motion to remand was being denied for the reasons stated on the record.  *See also* Tr. at 25 (bankruptcy court stating that, "[i]f Judge Klein or an appellate court wants to know what my reasoning was, the record is the record").

This leaves only the order denying Plaintiffs' motion to abstain.[3]  Here, the Court is not without some sympathy for Plaintiffs because it is not entirely clear from the record what rationale supported the bankruptcy court's order denying abstention.  But that does not thereby make the

---

[2] Although the Court is not at this point adjudicating the merits of the bankruptcy court's statements, it advises Plaintiffs to consider, *e.g.*, *In re Harris Pine Mills*, 44 F.3d 1431, 1437 (9th Cir. 1995) (indicating that "postpetition state law claims asserted by or against a trustee in bankruptcy or the trustee's agents for conduct arising out of the sale of property belonging to the bankruptcy estate qualify as core proceedings"), and *In re Ferrante*, 51 F.3d 1473, 1476 (9th Cir.1995) (stating that, "[b]ecause this case evokes the Bankruptcy Act's imposition of duties on trustees to administer estate property and a surety's liability on its bond for the benefit of the estate, it cannot be gainsaid that it involves a core issue").

[3] Abstention is governed by 28 U.S.C. § 1334. Section 1334(c)(1) provides: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

*Id.* § 1334(c)(2).

4

bankruptcy court's order erroneous; or even if so, that does not mean that the bankruptcy court thereby committed a pure *legal* error justifying an interlocutory appeal (*i.e.*, a controlling issue of law). Instead of seeking relief by means of an interlocutory appeal, Plaintiffs could have sought clarification from the bankruptcy court on its order denying the motion to abstain. Or, potentially, Plaintiffs could even have taken up the abstention issue with the bankruptcy court in the Eastern District of California. Either way, Plaintiffs have not demonstrated that there is enough to warrant an interlocutory appeal. There are no "extraordinary circumstances" (*Cameron*, 2014 WL 1028436 at *4) justifying an interlocutory appeal given these remedies available to Plaintiffs. Although the Court emphasizes that it is not making any ruling here as to whether or not there should have been abstention, the Court notes that, "[a]bstention can exist only where there is a parallel proceeding in state court." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1010 (9th Cir. 1997); *see also In re Cedar Funding, Inc.*, 419 B.R. 807, 820 (B.A.P. 9th Cir. 2009) (stating that "the abstention requirements under 28 U.S.C. § 1334(c)(1) or (2) are inapplicable to removed proceedings, since a successful removal effectively extinguishes the parallel proceeding in state court"). The Court also notes that, "[w]here a post-petition claim [is] brought against a court-appointed professional, . . . the suit [is] a core proceeding." *Schultze v. Chandler*, No. 12-15186, 2014 U.S. App. LEXIS 15067, at *7 (9th Cir. Aug. 1, 2014).

Accordingly, the Court grants the motions to dismiss the appeals and denies the motions for leave to file an interlocutory appeal. Because Plaintiffs' motions sought leave to appeal with respect to all of the defendants in this case (even though not all defendants moved to dismiss), the Court deems it proper to close the file in this case in its entirety.[4]

///
///
///
///

---

[4] The Court notes that there is also a pending motion, filed by Plaintiffs, titled "motion for time extension pending leave to appeal ruling." *See* Docket No. 12 (motion). It is not clear from the brief what exact relief Plaintiffs are seeking. In any event, that request for relief appears moot in light of the Court's ruling above.

The Clerk of the Court is instructed to enter judgment in accordance with the above and close the file in this case.

This order disposes of Docket Nos. 5, 10, and 12.

IT IS SO ORDERED.

Dated: July 24, 2015

_____
EDWARD M. CHEN
United States District Judge